B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Robert Eyde | DEFENDANTS Wells Fargo Home Mortgage Rushmore Loan Management Services |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) Logs Law Firm |
|---|---|

**FILED**

JEANNE A. NAUGHTON, CLERK

AUG 19 2022

U.S. BANKRUPTCY COURT
CAMDEN, N.J.

BY _____ DEPUTY

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| x Debtor    □ U.S. Trustee/Bankruptcy Admin | □ Debtor    □ U.S. Trustee/Bankruptcy Admin |
| □ Creditor    □ Other | x Creditor    □ Other |
| □ Trustee | □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1. In direct Violation of FDCPA for "Duel Tracking"

2. Statue of limitations for a debt collection.

3. Not granted a mandatory mediation program which is the law in State of New Jersey as set forth in Court Rule 1:40-12

4. Foreclosure action while the debtor was granted a Mortgage forbearance from Department of Community Affairs of NJ .

5. Has cause Equitable damages by not allowing debtor to collect Grant monies that were awarded and raising home six feet and renovating the property. Therefore adding equity to the home, rather than have a home that has been declared more than 50 percent  substantial damage  by City of Ocean City.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 01-Determination of removed claim or cause

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)

☐ 65-Dischargeability - other    **FRBP**

**FRBP 7001(7) – Injunctive Relief**

☐☐ 71-Injunctive relief – imposition of stay   72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

62-Dischargeability - §523(a)(2), false pretenses, false representation,

actual fraud    **Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court
if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| x Check if a jury trial is demanded in complaint | Demand  $ 2,000,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Robert Eyde | | BANKRUPTCY CASE NO.<br>22-15404 | |
| DISTRICT IN WHICH CASE IS PENDING<br>United States Bankruptcy Court For The District Of New Jersey | | DIVISION OFFICE | NAME OF JUDGE<br>Altenburg |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
| DATE<br>08/18/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Robert Eyde |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings
or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely selfexplanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN  DISTRICT OF NEW JERSEY

FILED

JEANNE A. NAUGHTON, CLERK

AUG 19 2022

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY _____ DEPUTY

In Re:

ROBERT EYDE,                                       Chapter 13

Debtors                                              Bankruptcy Case No: 22-15404 ABA

---

ROBERT EYDE

Debtors,

vs.

WELLS FARGO HOME
MORTGAGE, RUSHMORE LOAN
MANAGEMENT SERVICES, LLC

Respondents

Adversary  Complaint

NO._____

***COMPLAINT , DAMAGES,***

## VENUE, JURISDICTION AND PARTIES

1.      Venue is properly before this Court.  Most of the events, circumstances, damages

and denials of rights described herein took place in  Cape May County, New Jersey.

2.      Plaintiff  Wells Fargo Home Mortgage , not in its individual capacity, but solely as

Trustee for Wachovia  Trust T/B/D, and does business  in  Cape May  County, New Jersey

claims to be Endorsee of the Note and Assignee of the Deed of Trust, and therefore

successor in interest to the originator of the loan, . Wells Fargo Home Mortgage's address

is 1 Home Campus, Des Moines, Ia. 50328-0001..

3.      Plaintiff Rushmore Loan Management Services, LLC , servicer is located at  15480

Laguna Canyon Rd., Suite 100, Irvine, Ca. 92618

## 4.    GENERAL ALLEGATIONS

5.    The property in question 50 Asbury Rd., Ocean City, N.J. 08226-4426, is located in Cape May County . The sale date for the foreclosure is June , 2022  and Defendants are facing imminent harm and loss of their home . The Instruments mentioned were recorded in Cape May County , New Jersey.. The original loan was a refinance to Robert Eyde on June 1, 2006  to Wachovia  for approximately $565,000 at an adjustable rate of 7.75% with a cap of 12.850 %.   The note states that the loan is a Fixed Rate/Adjustable. Defendant contends he was the victim of a predatory loan . How can a loan be both a Fixed Rate and an Adjustable ?

6.    Defendant's home suffered significant damage due to Hurricane Sandy in 2012. Defendant has been a victim of an "act of God ".  At no time did Defendant purposely intend to miss a mortgage payment.  Defendant's home was so severely damaged he could not live in the subject property.   Defendant has been awarded a Grant of $212,000 from Federal Emergency Management Agency (FEMA) but the claim was never fully funded to this day.  At present the subject property needs to be raised six feet due to new zoning laws by the City of Ocean City ( Exhibit A).   Defendant was granted a forbearance after hurricane Sandy and another due to Covid 19 virus.  Defendant is caught "between a rock and a hard place" in that he cannot refinance the present loan because the house has not been fully repaired after Hurricane Sandy and new zoning laws where the subject property has to be raised six feet in the event of another Hurricane.  Wells Fargo and Rushmore will

not give Defendant the go ahead to accept the Grant to complete the job. On 09/13/2014 the subject property was appraised at $220,321 due to the damage not completed from Hurricane Sandy. On 06/07/2021 Defendants' wife was pre-approved for an FHA loan through Primary Residential Mortgage, Inc. for a loan of $102,120 and Defendant had applied for a short sale. The short sale was denied. On June 24, 2022 Defendant was notified that his loan modification was denied on days prior to the July 6, 2022 sale date. This is in direct violation of FDCPA for "duel tracking.". In addition the statute of limitations for a debt collector has expired since this loan was declared to have been in default in 2013. The statute of limitations is six years.

7.    There has been a recent change in New Jersey law and the legislature passed the following : "The New Jersey Supreme Court Committee on Complementary Dispute Resolution developed a mediation program for use in civil, general equity and probate cases, as well as for the economic aspects of family law cases. In all counties, the court can require the parties to participate in at least three hours of mediation in those types of cases. Mediation is now mandatory in all counties in New Jersey.
The highly trained mediators participating in the program have been approved for inclusion on a roster of approved mediators by a subcommittee of the Committee on Complementary Dispute Resolution. Mediators must meet training requirements set forth in Court Rule 1:40-12 and other criteria adopted by the subcommittee. When a case is referred to mediation, the court assigns a mediator from the roster, but the parties can thereafter substitute any other mediator who they believe is more suitable. Under Court Rule 1:40-4(a), the mediator provides the first two hours on a case without charge. Thereafter, mediators will generally be paid their market rate fee, the cost of which is borne by the parties.

Defendant has been denied due process and has not been offered mediation. Defendant has been a victim of an "act of God" and mediation would be the ideal solution to his case which has lingered on . New York assembly, neighboring state, signed  on May 2, 2022 the " The New York Foreclosure Abuse Prevention Act passed the assembly in March and is expected to be signed into law by Gov. Kathy Hochul.

Lawmakers have said the bill is intended to eliminate abusive and unlawful litigation tactics that have been adopted and pursued by lenders in mortgage foreclosure actions. They say the tactics have been used to manipulate the law and the courts to yield to the convenience of mortgage bankers and servicers.

The issue arose out of a 2021 New York appeals court decision in the Freedom Mortgage Corp. vs. Engel case, which some legislators said had given mortgage lenders and their servicers the ability to "unilaterally manipulate, arrest, stop, and restart the limitations period at will," to the detriment of New York homeowners dealing with foreclosure actions.

As a result, lawmakers have said, courts throughout the state have been bombarded with a flurry of motions from lenders to reopen foreclosure cases that had been dismissed years ago on statute of limitations grounds.

The court's decision in the Engel case allowed for lenders to voluntarily pause the state's six-year statute of limitations countdown on foreclosures and reserve the right to restart the action again as long as it's done within six years.

The result, according to law makers, was that foreclosure actions were no longer time-barred and countless homeowners were trapped "in a state of judicial purgatory with the fate of their homes suspended in incertitude."

Proponents of the bill have said that some lenders in the state have a longstanding reputation for marginalizing the statute of limitations through stopping and restarting actions that can leave homeowners in foreclosure for a decade or more. They also claimed these practices have disproportionately harmed communities of color.

.

8.    The Legal Description of the property is: Cape May Cape County USA County APN 08-00070-IN-000322 Number: Lot 22 ( Property ID} Legal Description 0B6C, L63, known as 50 Ashbury Court, Ocean City, New Jersey.

9.    This is an action brought by Defendant for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages and to set aside the Judicial Judgment of Foreclosure due to fraudulent or misleading documents being filed into the court. The case of Defendant Robert Eyde is one of the most agregious cases of wrongful foreclosure ever before the court. Defendant presents this case as newly discovered evidence for "fraud upon the court " and a violation of Fed. Rule 60 (b) as well as a violation of FDCPA in denying Defendant a modification by fraudulent means.

10.     PLEASE TAKE NOTICE Defendant may be heard, the undersigned Defendant shall apply before the Superior Court of New Jersey, Chancery Division, Cape May County Courthouse, New Jersey for an (a) order Staying the Sheriff's sale of June , 2022 pending the outcome of the 3:60-2 Motion for Fraud Upon The Court By Plaintiff; Newly Discovered Evidence.

11.     .This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages

12.     Plaintiff's have committed a violation of New Jersey Civil Practice Code 3:60-2, "Fraud Upon The Court ".

13.     3.The rule thus expressly provides that either intrinsic or extrinsic fraud will constitute grounds for upsetting a judgment if a motion is made within one year.  In the John Doe case this is within the one year statute.

14.     4.The New Jersey Supreme Court  has done what the Supreme Court has failed to do, i.e., it has attached a definite understanding to the meaning of the phrase, "Fraud Upon the Court."


In order to prove a case of violation of Federal Rule 60 (b) New Jersey requires :


## FIRST CAUSE OF ACTION:
## LACK OF STANDING/WRONGFUL FORECLOSURE,

**A.**     **No Plaintiff  Has Standing to Foreclose**

14. Defendant   re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

15. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Defendant contends that Plaintiffs, and each of them, do not have an equitable right to foreclose on the Property because Plaintiff's, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. The real party in interest is  Securitized REMIC Trust T/B/D. Also, through violations of Fed. Rule 60 (b) Defendant has a cause of action for violations of Bankruptcy fraud and

FDCPA by denying his loan modifications on numerous times. Thus, the purported power of sale, or power to foreclose judicially, by the above specified Defendants, and each of them, no longer applies. Plaintiff are attempting to wrongfully foreclosed in Cape May County, New Jersey on July 6 , 2022..

16. Defendant requests that this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Plaintiff's' actions in the processing, handling and attempted foreclosure of this deed involved numerous fraudulent, false, deceptive and leading practices, including, but not led to, violations of State laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them. Defendant further requests that title to the Real Property remain in Plaintiff's possession during the pendency of this litigation, and deem that any attempted sale of the Real Property is "unlawful and void". Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law. Therefore, Defendant WELLS FARGO HOME MORTGAGE, LLC cannot establish that it is entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, WELLS FARGO HOME MORTGAGE, LLC cannot transfer an interest in Real Property, and cannot recover anything from Defendants' with unclean hands. In addition, under N.J.S.D. 2A:14-1 Plaintiff has six years to collect as a "debt collector"and Defendant's loan has been declared in default since 2013. Plaintiff is clearly beyond the statute of limitations.

17. Plaintiff's, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Defendant's Real Property under the Mortgage/Deed of Trust on the Real Property via an *in Rem* action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Defendant's great and irreparable injury in that Real Property is unique.

18. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of its Home which will be wrongfully foreclosed on June , 2022 and is now seeking damages.

19. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief
    prayed for below is necessary and appropriate at this time to prevent irreparable loss
    to Defendantf. Defendant has suffered and will continue to suffer in the future unless
    Plaintiff's' wrongful conduct is restrained and enjoined because Real Property is
    inherently unique and it will be impossible for Defendant to determine the precise
    amount of damage it will suffer.

## SECOND CAUSE OF ACTION

(Against Lender Plaintiff's for an Accounting)

20. Defendant restates, realleges, and incorporates by reference into this
    paragraph each and every allegation contained in paragraphs 1-19
    above, as if set forth fully herein.

21. Plaintiff's were obligated to properly account for Defendant's payments
    made under the Bankruptcy and as otherwise agreed between the
    parties.

22. Plaintiff's failed to properly account for the charges they billed
    Defendant's for, overcharging him for years with unwarranted fees and
    reimbursements and improperly applying payments, resulting to damage
    to Defendant.

23. As a result of Plaintiff's ' actions, an accounting is necessary so that
    Plaintiff may be reimbursed for all improper excessive charges and
    misapplied payments.

## THIRD CAUSE OF ACTION

(Against Lender Plaintiff's for Breach of Contract)

24. Defendant restates, realleges, and incorporates by reference into this
    paragraph each and every allegation contained in paragraphs 1-24
    above, as if set forth fully herein.

25. There was a written loan modification contract that the Lender
    Plaintiff's were bound by. That contract is attached hereto as Exhibit 2

(the "Loan Modification").

26. Plaintiff substantially performed all of his duties under the Loan Modification Contract, but the Lender Defendants wrongfully prevented Defendants to reinstate an existing modification and refused to accept their future attempts to modify the loan even though they had adequate income and hardship due to extensive damage from Hurricane Sandy in 2012 .

27. Plaintiff's breached the Loan Modification and insurance contract following Hurricane Sandy in numerous ways, including but not limited to wrongfully and fraudulently and without proper notification to Defendant charging her for unauthorized and unnecessary expenses.

28. As a result of Plaintiff's actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000.

## FOURTH CAUSE OF ACTION

(Against Lender Defendants for Breach of the Implied Covenant of Good Faith and Fair Dealing)

29. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-28 above, as if set forth fully herein.

30. There was a written loan modification contract that the Lender Plaintiff were bound by. That contract is attached hereto as Exhibit 1 (the "Loan Modification").

31. The Lender Plaintiff were bound by the written Loan Modification and contract to pay insurance for damages suffered from Hurricane Sandy in 2012. Every contract carries with it a basic duty to engage in good faith and fair dealing.

32. Plaintiff's acted in bad faith and frustrated the purpose of the Loan

Modification in numerous ways, including but not limited to wrongfully and fraudulently and without proper notification to Defendant unilaterally denying her mortgage payments and charging her for unauthorized and unnecessary expenses.

33. As a result of Plaintiff's ' actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000.

## FIFTH CAUSE OF ACTION

(Against Lender Plaintiff s for Promissory Estoppel)

34. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraph 1-33 above, as if set forth fully herein.

35. The Lender Plaintiff made numerous promises to Defendant , including promises made in court through counsel, that they improperly reneged on, including a promise to modify their mortgage .

36. Defendant reasonably relied on these promises.

37. The Lender Plaintiff failed to comply with any of those promises.

38. As a result, Defendant's property was repeatedly and improperly threatened with foreclosure, Defendant's credit was compromised, and he was forced to expend unnecessary money to try and salvage his home, thus she suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000.

## SIXTH CAUSE OF ACTION

(Against Lender Plaintiff s for Negligence)

39. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-38

above, as if set forth fully herein.

40. The Lender Plaintiff's were negligent in how they held and serviced the Loan Modification in the steps they took toward foreclosure on the Property.

41. As a result, Defendant was severely damaged. The Property was damaged, and it was also put under lien. All the damages in this case in some way trace back to these instances of negligence.

42. As a result of Plaintiff's ' actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000.

## SEVENTH CAUSE OF ACTION

(Against Lender Plaintiff for Concealment)

43. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-42 above, as if set forth fully herein.

44. Plaintiff failed to provide Defendant and her attorneys any specific amount of alleged default or any intent to accelerate their claims and proceed with foreclosure actions without proving the alleged debt valid, failing to provide appropriate opportunity for Defendant to cure.

45. Defendant did not know this nor could he have discovered it.

46. On information and belief, Plaintiff intended to deceive Defendant with their concealment so he would lose his home and Plaintiff's would profit thereby.

47. On information and belief, Plaintiff's did not intend to fulfill their obligations to assist the Defendant in trying to prevent any foreclosure but rather were taking great measures to cause it to intentionally happen, even if it required violating numerous rules and regulations to try and protect a homeowner as outlined in the New Jersey statutes , the CFPB

Regulations including but not limited to Regulation X and the Guidelines established by the FTC. Had Plaintiff's not concealed information from him, Defendant could have behaved differently, including by seeking options other than bankruptcy to preserve him credit and save his home such as curing any minor arrears directly with the lender, which were grossly overstated.

48. Defendant has repeatedly been scheduled to lose his Property at auction as a result of wrongful actions toward foreclosure.

49. Plaintiff's ' concealment was a substantial factor in causing Defendant's harm.

50. Plaintiff's ' actions were willful, malicious, fraudulent, and carried out with reckless disregard to Defendant's rights and interests.

51. As a result of Plaintiff's actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000, as well as the loss of the Property at auction.

## EIGHTH CAUSE OF ACTION

(Against Lender Plaintiff's for False Promise)

52. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 5-63 above, as if set forth fully herein.

53. The Lender plaintiff's promised Defendant , inter alia, that he could work with them to make limited payments through his bankruptcy and avoid foreclosure.

54. Plaintiff's did not intend to keep these promises when they made them.

55. Defendant reasonably relied on these promises.

56. Plaintiff's did not keep these promises.

57. Defendant's Property was repeatedly sent to auction as a result.

58. As a result of Plaintiff's' actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000.

## NINTH CAUSE OF ACTION

(Against Lender Plaintiffs for Fraud, Violation of Fed. Rule 60 (b))

59. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-75 above, as if set forth fully herein.

60. Plaintiff's failed to provide Defendant and her attorneys any specific amount of alleged default or any intent to accelerate their claims and proceed with foreclosure actions without proving the alleged debt valid, failing to provide appropriate opportunity for Plaintiff to cure. In addition her automatic stay in Bankruptcy Court was lifted by fraudulent means.

61. Defendant did not know this nor could he have discovered it.

62. On information and belief, Plaintiff's intended to deceive Defendant with their concealment so he would lose her home and Plaintiff's would profit thereby.

63. On information and belief, Plaintiff's did not intend to fulfill their obligations to assist the Defendant in trying to prevent any foreclosure but rather were taking great measures to cause it to intentionally happen, even if it required violating numerous rules and regulations to try and protect a homeowner as outlined in the New Jersey Code , the CFPB Regulations including but not limited to Regulation X and the Guidelines established by the FTC. Had Plaintiff's not concealed information from her, defendant could have behaved differently, including by seeking options other than bankruptcy to preserve her credit and save her home such as curing any minor arrears directly with

the lender, which were grossly overstated.

64. Defendant has repeatedly been scheduled to lose his Property at auction as a result of wrongful actions toward foreclosure.

65. Plaintiff;s ' concealment was a substantial factor in causing Defendant ' harm.

66. Plaintiff's ' actions were willful, malicious, fraudulent, and carried out with reckless disregard to Defendant's rights and interests.

67. As a result of Plaintiff's 's actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000, as well as the loss of the Property at auction.

## TENTH CAUSE OF ACTION

(Against Lender Plaintiff's for Negligent Misrepresentation)

68. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-67 above, as if set forth fully herein.

69. Plaintiff's represented to Defendant , inter alia, that he could work with them to make limited payments through her bankruptcy and avoid foreclosure.

70. Defendant ' reasonable reliance on that representation caused him to suffer severe hardship, financial and otherwise, when they foreclosed anyway.

71. As a result of Plaintiff's' actions, Defendant suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000.

## ELEVENTH CAUSE OF ACTION

(Against All Plaintiff's for Detrimental Reliance)

72. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-71 above, as if set forth fully herein.

73. Defendants detrimentally relied on Plaintiff to modify their loan due to a legitimate hardship .

74. Defendant were harmed in that sale in that the property has been repeatedly improperly put up for auction.

75. Defendant would have attempted to tender the amount of the secured indebtedness but was excused from so tendering because Plaintiff ' willfully oppressive actions hindered her from so doing in a fair manner. They demanded far more than they were owed and refused to negotiate. Moreover, it was their own negligence that caused the indebtedness in the first place.

76. As a result of Plaintiff's 's actions, Defendant has suffered severe damages. The precise extent of such damage is presently unascertained but, upon information and belief, it is not less than US $25,000, and her property is now at risk of being lost in a wrongful foreclosure auction.

**TWELTH  CLAIM FOR RELIEF**
**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
**15 U.S.C. §§ 1692 -1692p**
**(Against All Plaintiff's )**

77. Defendant incorporates by reference the foregoing paragraphs as though fully set forth herein.

78. Each Wells Fargo , et al,  account obligation was a "debt" within the meaning of FDCPA, 15 U.S.C. section 1692a(5).

79. Because they were allegedly obligated to pay the Wells Fargo , et al, account obligation, Defendant  was a "consumer" within the meaning of FDCPA, 15 U.S.C.  section 1692a(3).

80. The Wells Fargo , et al 3 Trust bought or was assigned to  Wells Fargo , et al debt.

81. Since Wells Fargo , et al no longer owned the securitized debt it had previously written off, there was nothing for Wells Fargo , et al to sell or to be assigned. The loan had been securitized into the Fannie Mae REMIC Trust T/B/D which was the real party in interest.

82. Each of said Plaintiff's , at times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

83. Based on said activity or activities, each of said Plaintiff's were a debt collector within the meaning of FDCPA, 15 U.S.C. section 1692.

84. Wells Fargo , et al, et al and the Wells Fargo , et al Pass-Through Certificates, Series Fannie Mae  Trust, as the purported assignee of  Wells Fargo  violated FDCPA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of the Wells Fargo , et al account obligation, 5 U.S.C. section 1692(e).

85. Wells Fargo , et al,   were involved in other fraudulently activity against Defendant  by not  validating the debt after receiving numerous debt validation letters..

86. Said Plaintiff's  violated FDCPA by falsely representing the character, amount, and/or legal status of the Wells Fargo , et al account obligation. 15 U.S.C. section 16923(2)(A),

87. Said Plaintiff's violated FDCPA by using a false representation or deceptive means to attempt to collect the Wells Fargo , et al account obligation. 15 U.S.C. section 1692e(i0).

88. Said Plaintiff's  violated FDCPA by attempting to collect an amount (including interest, fees and charges) not expressly authorized by any agreement creating the Wells Fargo , et al account obligation or permitted by law, 15 U.S.C. section 192f(1).

WHEREFORE, Defendant   requests that the Court enter judgment in their favor and against said defendants, pursuant to FDCPA, 15 U.S.C. section 1602k(a), as follows: Actual damages, including, but not limited to, costs and attorney's fees to defend the collection matter.  From each said Plaintiff , statutory damages of $1,000.00 for each named Plaintiff  and, an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of such Plaintiff; and Costs of this action and reasonable attorney fees.

.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

89. For an award of compensatory damages according to proof but in an
    amount not less than $25,000 in favor of Defendant

       a.      For an award of punitive and exemplary damages
according to proof;

       b.      For statutory damages according to proof;

       c.      For an award of attorneys' fees;

       d.      For interest at the maximum legal rate from and
after the filing date to the date of judgment;

       e.      For injunctive relief preventing the transfer of the
Property to the winner of any auction;

       f.      For the costs of repairing Defendant's credit and
any such injunctive or declaratory relief as needed to ensure
Defendants undertake any actions necessary to achieve such
repair;

       g.      For costs of suit herein; and

       h.      For such other relief as the court may deem just
and proper.

Dated: May 30, 2022            Respectfully submitted,


By: _____
    *ROBERT EYDE*

Bankruptcy 7

Case #22-15404

Adversary Complaint

X-RAYED